# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

WALTER CURTIS MOLES                                                   PETITIONER

v.                                 NO. 4:16-cv-00049 BSM/PSH

UNITED STATES OF AMERICA                                           RESPONDENT

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

FINDINGS AND RECOMMENDATION

I. UNITED STATES v. MOLES, 4:01-CR-00150 SWW. In August of 2001, petitioner Walter Curtis Moles ("Moles") was charged in a two count indictment in 4:01-cr-00150 SWW. He was charged in count one of the indictment with being a felon in possession of a firearm and was charged in count two of the indictment with obliterating the serial number of a firearm. Moles pleaded guilty to the offenses, and United States District Judge Susan Webber Wright sentenced Moles to 120 months imprisonment on count one and sixty months imprisonment on count two. Judge Wright ordered the terms of imprisonment be served concurrent with one another but consecutive to an undischarged term of imprisonment Moles was then serving as a result of the revocation of his supervised release in a prior criminal case. Judge Wright also ordered Moles to serve a three year term of supervised release. It appears that Moles was incarcerated until June of 2013, after which he was released from custody and began serving the three year term of supervised release.

In November of 2013, the USA filed a petition to revoke Moles' supervised release in 4:01-cr-00150. In the petition, the USA alleged that Moles had violated the conditions of his supervised release. Judge Wright revoked Moles' supervised release and sentenced him to eight months imprisonment with a two year term of supervised release. It appears that Moles was incarcerated until July of 2014, after which he was released from custody and began serving the two year term of supervised release.

In July of 2014, the USA filed another petition to revoke Moles' supervised release

in 4:01-cr-00150. In the petition, the USA alleged that Moles had violated the conditions

of his supervised release. Judge Wright subsequently had an opportunity to catalog the

events that unfolded after the petition to revoke was filed in July of 2014. She found the

events to be as follows, a recounting the undersigned accepts as true for purposes of

these Findings and Recommendation:

> On August 18, 2014, after finding that Moles had violated his conditions of his supervised release, the Court [i.e., Judge Wright] modified those conditions and required that he participate in mental health counseling. The Court also continued sentencing or other disposition of Moles' violation and released him pending a final hearing.

> On October 7, 2014, the United States filed a superseding motion to revoke supervised release and reported that Moles had been arrested the same day by the Little Rock Police Department and charged with one count of bank robbery. The superseding motion also stated that the United States Marshal Service "assisted" in Moles' arrest.

> Also on October 7, 2014, this Court issued an order for Moles' arrest to appear and show cause why his term of supervised release should not be revoked. Because Moles had been arrested by local police and placed in state custody at the Pulaski County Detention Center ("PCDC"), the arrest warrant was lodged as a detainer with the PCDC.

> On October 10, 2014, the Court issued a *writ of habeas corpus ad prosequendum*, which requested that the PCDC surrender Moles to the custody of the United States Marshal for the purpose of Moles' appearance at a hearing on the superseding motion to revoke. The writ provided that Moles would be returned to the PCDC after the hearing. Subsequently, defense counsel moved that Moles undergo a mental evaluation. The Court granted an evaluation, continued the revocation hearing, and ordered the United States Marshal to transport Moles to the medical facility designated for his evaluation.

Moles returned from his evaluation, and on April 16, 2015, following a hearing, the Court revoked Moles's supervised release and sentenced him to serve sixteen months' imprisonment. <u>Because Arkansas had primary jurisdiction of Moles, he was returned to state custody</u>. On September 17, 2015, Moles was sentenced in state court to serve a five-year prison term in the Arkansas Department of Correction.

<u>See</u> <u>United States v. Moles</u>, 4:01-cr-00150 SWW, Document 145 at CM/ECF 1-2. [Emphasis in original].

Following the imposition of the state sentence, Moles was incarcerated in the custody of the Arkansas Department of Correction ("ADC") to begin serving his state sentence. He then filed a series of motions in 4:01-cr-00150 asking that he be returned to the proper jurisdiction. The assertions contained in his motions are noteworthy for at least three reasons. First, Moles alleged that Judge Wright had found Moles to have violated the conditions of his supervised release in August of 2014 but continued the sentencing until April 16, 2015, at which time Judge Wright imposed the sentence in 4:01-cr-00150. <u>See</u> 4:01-cr-00150, Document 137 at CM/ECF 1-2; Document 140 at CM/ECF 1-3. Second, Moles alleged that Judge Wright had advised Moles "on the record that he would receive credit for the time he spent on the mental evaluation." <u>See</u> 4:01-cr-00150, Document 137 at CM/ECF 2. <u>See</u> <u>also</u> 4:01-cr-00150, Document 140 at CM/ECF 3. Last, Moles alleged that Judge Wright had ordered Moles be immediately delivered to the custody of the Federal Bureau of Prisons ("BOP") to begin serving the sentence Judge Wright imposed in 4:01-cr-00150. <u>See</u> 4:01-cr-00150, Document 137 at CM/ECF 2. Judge Wright denied the motions, though, finding the following:

… Moles insists that the United States gained primary jurisdiction over him on August 14, 2015, when the Court [i.e., Judge Wright] determined that he had violated his conditions of supervised release. However, following that determination, the Court released Moles pending a final determination on the pending motion to revoke.

The state obtained custody of Moles on October 7, 2014, and the fact that the United States Marshal assisted local authorities in arresting Moles is of no consequence. Furthermore, when the United States obtained custody of Moles pursuant to a *writ of habeas corpus ad prosequendum*, the transfer of physical control over Moles' person did not terminate Arkansas' primary jurisdiction. … Arkansas continues to have primary jurisdiction of Moles, and that jurisdiction will continue through expiration of his state sentence.

See 4:01-cr-00150, Document 145 at CM/ECF 2-3. It appears that Moles was incarcerated in the custody of the ADC in service of his state sentence until March of 2016. See United States v. Moles, 4:16-cv-00049 BSM, Document 24. He was then released from ADC custody and taken into custody by federal officials.

II. MOLES v. UNITED STATES, 4:16-cv-00049 BSM. In February of 2016, Moles commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he raised the following two claims for relief:

Petitioner [is] being held in custody in violation of Federal law, based on a miscalculation of his sentence. Petitioner's Federal Sentence should have commenced either April 16, 2015, or April 23, 2015, because any claim to Primary Jurisdiction by the State of Arkansas was waived by allowing the Federal Government to obtain "Exclusive Custody" of Petitioner without the use of a Writ of Habeas Corpus ad Prosequendum, and because the State did not object to the Federal Government reasserting its Prior Jurisdiction of Petitioner, thereby allowing the Federal Government to first exhaust its case against him.

-5-

Petitioner [is] being denied proper credit towards his Federal Sentence. Petitioner should be given credit on his Federal Sentence from November 14, 2014, while he was on his Federal Psychiatric Exam and then from April 16, 2015, to day of the imposition of his Federal Sentence, because he was in Exclusive Custody of the U.S. Government. And therefore his Federal Sentence commenced.

See Moles v. USA, 4:16-cv-00049 BSM, Document 1 at CM/ECF 4, 5. In reliance upon 18 U.S.C. 3585, Moles asked that he be given credit on his sentence in 4:01-cr-00150 for the period from November 14, 2014, to March 20, 2015, i.e., the period during which he was undergoing a psychiatric evaluation, and for the period from April 16, 2015, i.e., the date Judge Wright imposed the sentence.[1]

The USA filed a response to Moles' petition. The USA maintained in the response that Moles' sentence in 4:01-cr-00150 was properly computed, and the actions of the BOP were appropriate and in accordance with federal law. The USA specifically maintained that Judge Wright had considered, but rejected, the assertions made by Moles in the case at bar when Judge Wright denied Moles' post-sentence motions in 4:01-cr-00150. The USA also maintained that it had inquired into whether Judge Wright wished to make a retroactive designation, but she had not acted on the request.

Moles was accorded an opportunity to file a reply to the USA's response. He took advantage of that opportunity by filing at least four replies, all of which have been considered. See 4:16-cv-00049, Documents 19, 21, 36, 37.

---

[1]

Moles filed several amendments and/or supplements to his initial petition. The amendments and/or supplements did not change the substance of his claims.

The undersigned began reviewing the parties' pleadings and exhibits and determined that an additional response from the USA would be beneficial. The USA was asked to submit a sentence computation document and/or an affidavit addressing, <u>inter alia</u>, when the BOP deemed the sentence in 4:01-cr-00150 to have commenced and whether Moles was given credit for time he served prior to the commencement of the sentence.

The USA filed a response and represented, <u>inter alia</u>, that the BOP calculated Moles' sentence in 4:01-cv-00150 to have commenced on April 16, 2015, <u>i.e.</u>, the day it was imposed, and he was given twenty days of prior jail credit. The USA also represented that Moles was released from his sentence in 4:01-cv-00150 on June 3, 2016, and is no longer in custody, a representation Moles later acknowledged was correct.

III. <u>ANALYSIS</u>. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." <u>See</u> <u>Ali v. Cangemi</u>, 419 F.3d 722, 723 (8th Cir. 2005) [quoting <u>Haden v. Pelofsky</u>, 212 F.3d 466, 469 (8th Cir. 2000)]. The Article III mootness doctrine has been described as follows:

> … "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances … and a federal court can no longer grant effective relief,' the case is considered moot." … If an issue is moot in the Article III sense, [the courts] have no discretion and must dismiss the action for lack of jurisdiction. …

<u>See</u> <u>Ali v. Cangemi</u>, 419 F.3d at 723-724.

Moles maintains that his sentence in 4:01-cr-00150 should have commenced on

April 16, 2015, i.e., the date Judge Wright imposed the sentence. The USA does not disagree and notes that the BOP deemed the sentence to have commenced on that day. Thus, there is no dispute regarding when Moles' sentence commenced.

Moles maintains that he is entitled to credit on his sentence in 4:01-cr-00150 for the period from November 14, 2014, to March 20, 2015, i.e., the period during which he was undergoing a psychiatric evaluation. The BOP gave him twenty days of prior jail credit but did not credit his sentence for the entire period between November 14, 2014, and March 20, 2015. Were the undersigned to find that he is entitled to the credit on his sentence for that approximately 127 day period, it would have no impact, though, on his sentence. Moles was released from his sentence on June 3, 2016, and is no longer in custody. Applying the Article III mootness doctrine to the question of his entitlement to prior jail credits, it is clear that his case no longer presents a case or controversy under Article III. Awarding him the prior jail credits at this time would have no effect on his sentence.

This case no longer presents a case or controversy under Article III and does not fall within the exception to the mootness doctrine for cases "capable of repetition yet evading reviewing." See Doe v. LaFleur, 179 F.3d 613, 615 (8th Cir. 1999). The sole issue presented by this case is moot. The undersigned therefore recommends that Moles' petition be dismissed without prejudice. All requested relief should be denied, and judgment should be entered for the USA.

DATED this 26th day of July, 2016.

_____
UNITED STATES MAGISTRATE JUDGE